## E. P. Swenson v. J. W. Taylor.

### No. 6884.

1. **Lease and Sale of School Land—Constitution.**—Section 4, article 7, of the Constitution of 1876 provides: "The lands herein set apart to the public free school fund shall be sold under such regulations, at such times, and on such terms as may be prescribed by law." While this commands that the lands shall be sold, it leaves it entirely to the discretion of the Legislature when it shall be done. It fails to direct that the entire body of such lands shall be immediately sold, or that until sold no other disposition shall be made of them.

2. **Lease of School Land.**—A *watered section* of school land was leased for a term of six years from April 15, 1884, under Act of April 12, 1883. Such lease can not be said by the courts to have been for an unreasonable period.

3. **Same—Inhibition from Sale.**—When the Legislature has declared that leased lands of a given description shall not be sold no officer nor agent of the government has an option to say they shall be. The Act of April 1, 1887, section 25, protects leases such as set up by the plaintiff.

APPEAL from Jones. Tried below before Hon. J. V. Cockrell.

The opinion states the case.

*G. A. Kirkland,* for appellant.—1. A law will not be declared unconstitutional unless it be clearly so, and in cases of doubt it will be held valid. Barker v. Torrey, 69 Texas, 12; Sutherland v. De Leon, 1 Texas, 304.

. 2. The Legislature may provide for leasing State school lands without making same subject to sale during the term of said leases; provided that the leases are not for such long periods of time as to be continuous in character; and provided, they are for such short terms as not to prevent the State from exercising its ultimate policy of disposing of the same by sale. Brenham v. Waterworks Co., 67 Texas, 560.

3. Granting that an act of the Legislature providing for leases of State school lands for absolute and fixed terms beyond the time when succeeding Legislatures shall be in session would be violative of an implied restriction of the Constitution, nevertheless leases contracted und

such a statute would not be absolute nullities, but would be valid until such time as one of the parties thereto disaffirmed the contract or until a succeeding Legislature, regardless of such leases, should place said leased lands on the market for sale. Laws 20th Leg., chap. 99, sec. 25, p. 91; East St. Louis v. Gaslight Co., 98 Ill., 417; 38 Am. Rep., 97.

*B. Frank Buie* and *Dan M. Jones*, for appellee.—1. When an express constitutional clause is mandatory, then there can be no implied authority in the Legislature to pass any act that will prohibit, restrict, or infringe on the express provisions of the Constitution. Const., art. 7, sec. 4; Smisson v. The State, 71 Texas, 232.

2. An act of the Legislature must conform to the written Constitution, and so far as it infringes on the provisions of the Constitution is void. 1 Kent Com., 12 ed., p. 449, marginal. ·

3. If the legislative act impugn the privileges of the Constitution, the act to that extent must yield to the Constitution, and is so far void. Smisson v. The State, 71 Texas, 232; 2 Dall., 304; 1 Cranch, 175; 1 Kent Com., 12 ed., pp. 449–451.

HENRY, ASSOCIATE JUSTICE.—This was an action of trespass to try title brought by the appellant to recover the possession of a section of land described as survey No. 162 of the Buffalo Bayou, Brazos & Colorado Railway Company surveys, containing six hundred and forty acres, lying in Stonewall County, and being one of the surveys of land set apart for the benefit of the common school fund of the State of Texas.

The petition of the plaintiff contained the following allegations among others:

"That on the 16th day of February, 1888, he was in possession of said tract of land, holding the same under a lease from the State of Texas for a term of six years from the 15th day of April, 1884, by virtue of an act of the Legislature of the State of Texas, approved April 12, 1883, providing for the classification, sale, and lease of State school lands, asylum lands, etc., and that plaintiff was in continuous possession of said premises from said 15th day of April, 1884, to said 16th day of February, 1888, by a fence inclosing said tract of land in a pasture with other lands held by plaintiff; that said section of land was at the date of said lease and is still a watered section of land, and that it was applied for by plaintiff and was leased to him as a watered section; that plaintiff did not on or prior to said 16th day of February, 1888, have any other watered section of land leased from the State in the vicinity of said section No. 162, nor has he had any other watered section of land in that vicinity leased from the State since said date, but that during said time said section of land is and has been the only watered section in that vicinity that he had leased from the State; that on the 16th day of February, 1888, defendant J. W. Taylor unlawfully

entered upon and dispossessed plaintiff of said premises, and still withholds from plaintiff the possession thereof; that defendant in entering upon and dispossessing plaintiff was and is a mere wrongdoer, without any right or title to said premises whatever."

The defendant filed the following exceptions to the petition, which were sustained by the court, and the plaintiff declining to amend his cause was dismissed, from which judgment he prosecutes this appeal:

"1. Because plaintiff's lease was made without authority of law. That clause of section 17 of the Act of April 12, 1883, by attempting to provide for a lease not subject to sale, rendered said clause unconstitutional and void, and said clause was by virtue of such attempt null and void, and plaintiff's attempted lease made under said law was wholly null and void and conferred no right on plaintiff.

"5. Because said act wherein it attempted to lease school lands, where watered, in such manner as to prevent future Legislatures from immediately placing said lands on the market for sale to actual settlers was unconstitutional and void; and plaintiff's attempted lease, made under said act of 1883, was illegal and void and conferred no rights on plaintiff.

"6. Because the lease claimed by plaintiff was made for a term of six years, thereby restricting the right of the Legislature to put same on the market for sale during such time."

The 17th section of the Act of the 12th of April, 1883, contains a proviso "that when the lessee has but one watered section leased from the State in the same vicinity such section shall not be subject to sale and settlement during the term of the lease."

Section 4 of article 7 of the Constitution of 1876, to which this provision is claimed to be obnoxious, reads as follows: "The lands herein set apart to the public free school fund shall be sold under such regulations, at such times, and on such terms as may be prescribed by law."

While the Constitution commands that the lands shall be sold, it leaves it entirely to the discretion of the Legislature when it shall be done. It fails to direct that the entire body of such lands shall be immediately sold, or that until sold no other disposition shall be made of them.

In the case of Smisson v. The State, 71 Texas, 232, it was said that the Legislature has the power to authorize such leases of school lands as will not interfere with the right of the State to sell them whenever the Legislature may think proper. It may be conceded that one Legislature by authorizing a lease of the lands can not deprive a future one of its power to direct the sale of such lands.

That question is not involved in the case now before us. The lease in this case can not be said by the courts to have been for an unreasonable period. Such a lease made in pursuance of an act of the Legislature must be held binding at least until abrogated by another act of

the Legislature, and before any subsequent law should be given that effect it should clearly appear that it was so intended.

When the Legislature has declared that leased lands of a given description shall not be sold no officer or agent of the government has an option to say that they shall be.

By section 25 of the Act of April 1, 1887, which provides for the sale and lease of school and other public lands, it is directed that "nothing in this act shall be construed to impair, interfere with, or in any manner affect any lease or sale or the rights growing out of the same made under former laws, of the lands herein referred to."

We think there was error in sustaining the exceptions, for which the judgment should be reversed and the cause be remanded.

*Reversed and remanded.*

Delivered April 24, 1891.